Filed 9/25/23  P. v. Pitney CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>PHILLIP PITNEY,<br><br>　　　Defendant and Appellant. | A167397<br><br>(City & County of San Francisco Super. Ct. No. SCN 209488) |

**MEMORANDUM OPINION**

Phillip Pitney appeals an order denying his petition for resentencing under former Penal Code section 1170.95.[1]  We affirm.

In 2009, Pitney was charged with attempted murder (§§ 187, subd. (a), 664) (count one), assault with a semiautomatic firearm (§ 245, subd. (b)) (count two), and active participation in a criminal street gang (§ 186.22, subd. (a)) (count three).  The jury convicted him of those crimes and also found true various sentencing enhancement allegations.  With respect to counts one and two, firearm use, great bodily injury, and criminal street gang

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, with no substantive changes in the statute.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 for ease of reference.

sentence enhancement allegations were found true. (§§ 186.22, subd. (b)(1)(C), 12022.5, subd. (a), 12022.7, subd. (b), 12022.53, subd. (d).) As to count three, the jury found true firearm use and great bodily injury sentence enhancement allegations. (§§ 12022.5, subd. (a), 12022.7, subd. (a).) The jury also found true allegations that all counts were committed while Pitney was on bail. (§ 12022.1.)

The trial court sentenced Pitney to an aggregate sentence of 40 years to life — 15 years to life on count one, plus a consecutive term of 25 years to life for the personal and intentional discharge of a firearm causing great bodily injury enhancement. The court imposed and stayed determinate sentences and related enhancements on the other two counts. On appeal, this court reversed Pitney's conviction on count three and the related enhancement (and remanded to correct sentencing errors), but otherwise affirmed. (*People v. Pitney* (Mar. 6, 2013, A128127 [nonpub. opn.].)[2]

In January 2022, Pitney petitioned for resentencing under section 1172.6. The trial court determined Pitney had stated a prima facie case for relief and appointed counsel. Ultimately, however, the court determined Pitney was not eligible for resentencing and denied the petition. The court concluded Pitney was the lone perpetrator of the attempted murder, aiming his firearm at and shooting the victim. The court — the same judge who presided over Pitney's trial — observed the jury was not instructed on aiding and abetting or the natural and probable consequences theory. Regarding Pitney's theory of mistaken identity, the court noted the jury had found Pitney was the shooter; moreover, "[e]ven as an independent fact finder," the court resolved "the identification issue" against Pitney. It concluded there

---

[2] Pitney asks that we take judicial notice of our appellate record. We grant the request. (Evid. Code, § 452, subd. (d).)

2

was no "doubt . . . that [Pitney] was the individual who perpetrated the crime against [the victim]" and the court found "the People have proven beyond a reasonable doubt that [Pitney] is guilty of attempted murder under California law" as recently amended.

Pitney appealed. His appointed counsel filed a brief identifying no arguable issues and requesting that we conduct an independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216. Pitney filed a supplemental letter brief. After evaluating Pitney's arguments, we affirm.

Pitney is not eligible for resentencing under section 1172.6. The jury was not instructed on aiding and abetting or the natural and probable consequences theory. Rather, in convicting him of attempted murder, the jury rejected Pitney's identification defense and found he acted on his own, aiming his firearm at and shooting the victim. The jury also found true allegations that Pitney personally and intentionally discharged a firearm causing great bodily injury, further demonstrating the jury's conclusion Pitney was the shooter. After considering the evidence presented at the section 1172.6 hearing, the trial court reached the same conclusion beyond a reasonable doubt. Accordingly, the court properly denied the petition for resentencing.

## DISPOSITION

The order denying Pitney's petition for resentencing is affirmed.

_____

Rodríguez, J.

WE CONCUR:


_____

Tucher, P. J.


_____

Fujisaki, J.

A167397